PETER S. DICKINSON (SBN 139495)
pdickinson@bushgottlieb.com
KIRK M. PRESTEGARD (SBN 291942)
kprestegard@bushgottlieb.com
ESTEPHANIE VILLALPANDO (SBN 323087)
evillalpando@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
Telephone:  (818) 973-3200
Facsimile:  (818) 973-3201

Attorneys for Plaintiffs Directors of the
Motion Picture Industry Pension Plan and
Directors of the Motion Picture Industry
Health Plan

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Directors of the Motion Picture Industry Pension Plan and Directors of the Motion Picture Industry Health Plan,<br><br>Plaintiff,<br><br>vs.<br><br>Red Handle Productions, LLC, and DOES 1 through 10<br><br>Defendant. | **CASE NO.: 2:20-CV-00501**<br><br>**COMPLAINT TO COMPEL AUDIT ENTRY, FOR UNPAID CONTRIBUTIONS UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AND BREACH OF COLLECTIVE BARGAINING AGREEMENTS**<br><br>**(29 U.S.C. § 185; 29 U.S.C. §§ 1132 and 1145)** |

Plaintiffs Directors of the Motion Picture Industry Pension Plan and Directors

of the Motion Picture Industry Health Plan ("Directors") allege as follows:

## **JURISDICTION AND VENUE**

1.     This action by the Directors of the Motion Picture Industry Pension

Plan and Motion Picture Industry Health Plan (collectively, and as distinguished

from the Directors, the "Plans") is based on the failure and refusal of Defendant Red

Handle Productions, LLC ("Red Handle Productions") and DOES 1 through 10,

685200v5  11011-29004

Case No.: 2:20-CV-00501

COMPLAINT

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1    inclusive, to honor their obligations to the Plans, as required by the terms of certain

2    collective bargaining agreements and the trust agreements governing the Plans, and

3    pursuant to § 515 of the Employee Retirement Income Security Act of 1974, as

4    amended ("ERISA"), 29 U.S.C. § 1145, and § 301(a) of the Labor Management

5    Relations Act ("LMRA"), 29 U.S.C. § 185(a).

6         2.    This Court has jurisdiction over the subject matter of this action

7    pursuant to 28 U.S.C. § 1331; ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); and

8    LMRA § 301(c), 29 U.S.C. § 185(c).

9         3.    Venue is based on the location of the office in which the Plans are

10   administered, located in the Central District of California.  As such, venue is

11   appropriate pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and LMRA §

12   301(a), 29 U.S.C. § 185(a).

13                      **PARTIES**

14        4.    The Plans are "employee benefit plans" within the meaning of ERISA §

15   3(3), 29 U.S.C. § 1002(3), in that they were created pursuant to written declarations

16   of trust ("Trust Agreements") between the International Alliance of Theatrical Stage

17   Employees ("IATSE") and certain other labor organizations, and motion picture and

18   television industry producer employers participating in the Plans ("Producers"), and

19   are maintained for the purpose of providing their participants and beneficiaries with

20   medical, surgical and hospital benefits in the event of sickness, accident, disability

21   or death, and retirement benefits.  The Plans were created and now exist pursuant to

22   LMRA § 302(c), 29 U.S.C. § 186(c).

23        5.    The Plans are "multiemployer plans" within the meaning of ERISA §

24   3(37)(A), 29 U.S.C. § 1002(37)(A), in that more than one employer is required to

25   contribute to the Plans and the Plans are maintained pursuant to collective

26   bargaining agreements between the Unions (as defined in par. 6, *infra*) and multiple

27   motion picture and television producers.

28        6.    The Directors are "fiduciaries" within the meaning of ERISA §

685200v5  11011-29004         2         Case No.: 2:20-CV-00501

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  3(21)(A), 29 U.S.C. § 1002(21)(A), half of whom have been appointed by the

2  Producers and half of whom have been appointed by the IATSE; International

3  Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America,

4  Local 399; and other applicable labor organizations (collectively, "Unions").  The

5  Directors have an obligation to protect the Plans' assets including ensuring that

6  signatory employers properly remit to the Plans contractually-required pension and

7  health contributions.

8      7.    Under the Trust Agreements, the Directors have control and authority

9  over the Plans, including the authority to file actions such as the present case to

10 protect the Plans' trust assets.

11     8.    At all times relevant herein, the Unions have been labor organizations

12 representing employees in the motion picture and television industry, which is an

13 industry affecting commerce within the meaning of LMRA § 501(1), 29 U.S.C. §

14 142(1).

15     9.    At all times relevant herein, Red Handle Productions is and has been a

16 limited liability company organized and existing under the laws of the State of

17 California, registered and transacting business in the State of California, with its

18 principal place of business in the State of California, and is an "employer" within

19 the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), and LMRA § 501(3), 29 U.S.C.

20 § 142(3).  As such, Red Handle Productions is also an "employer" as that term is

21 used in LMRA § 301, 29 U.S.C. § 185.

22     10.   The Directors are currently unaware of the true names and capacities of

23 defendants sued herein by fictitious names, DOES 1 through 10, inclusive, and

24 therefore sue those defendants by fictitious names.  The Directors shall seek leave to

25 amend this Complaint to allege the true names and capacities of such fictitiously-

26 named defendants when they are ascertained.

27                          **COMMON ALLEGATIONS**

28     11.   The Plans are established and maintained through certain collective

685200v5  11011-29004                    3                    Case No.: 2:20-CV-00501

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  bargaining agreements between the Producers and the Unions (collectively, "Basic

2  Agreements") and the Trust Agreements enacted by the Producers and the Unions.

3  The Producers are represented by the Alliance of Motion Picture and Television

4  Producers, a trade association responsible for negotiating virtually all the industry-

5  wide entertainment union collective bargaining agreements, commonly referred to

6  as the "AMPTP."

7      12.    At all times relevant herein, Red Handle Productions has been

8  signatory to the Basic Agreement, as well as separately executed Consent

9  Agreements and Trust Acceptance agreements, which, inter alia, obligate Red

10  Handle Productions to pay contributions to the Plans in the manner and under the

11  terms set forth therein.  Collectively, the Basic Agreement, Consent Agreements,

12  and Trust Acceptance agreements are referred to herein as the "Signatory

13  Documents."

14      13.    Under ERISA § 515, 29 U.S.C. § 1145, employers such as Red Handle

15  Productions that are obligated to make contributions to a multiemployer plan

16  pursuant to one or more collectively bargained agreements are required to make

17  such contributions in accordance with the terms and conditions of such plan or

18  agreements.

19      14.    Further, ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes the

20  Directors to enforce the obligations set forth in ERISA § 515 against Red Handle

21  Productions.

22      15.    The Directors are informed and believe that at all material times, Red

23  Handle Productions employed motion picture technicians to perform covered

24  services on a web series titled The Red Handle ("Web Series"), which is covered by

25  the Basic Agreement.

26      16.    Pursuant to the Plan Signatory Documents, Red Handle Productions is

27  under an obligation to make certain monetary contributions to the Plans based upon,

28  with limited exceptions, a set dollar amount for every hour worked or guaranteed

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1  ("Payroll Contributions") to individuals who provided covered services on the Web

2  Series covered by the Basic Agreement ("Covered Individuals").

3     17.    Pursuant to the Signatory Documents, the Directors have authority to

4  conduct an audit of the books and records of signatory employers for the purpose of

5  determining the accuracy of Payroll Contributions made to the Plans.  The Trust

6  Agreements provide that if such an audit discloses a delinquency or underpayment

7  of such Payroll Contributions, the cost of the audit shall be borne by the signatory

8  that is found to be delinquent, and if litigation is required to compel such an audit,

9  the costs of such litigation are to be borne by the signatory.

10     18.    Based on the express terms of the Signatory Documents, the Directors

11  reposed trust and confidence in Red Handle Productions and relied on Red Handle

12  Productions to accurately report and pay the correct amount of Payroll Contributions

13  to the Plans.  Red Handle Productions' refusal to allow the Audit to be completed,

14  and its breach of the trust and confidence the Directors reposed in it, inter alia,

15  serves to toll any statute of limitations, if applicable.

16                    **FIRST CAUSE OF ACTION**

17                 **(Failure to Comply With Audit Obligations)**

18     19.    The Directors incorporate by reference each allegation contained in

19  Paragraphs 1 through 18 as though fully set forth herein.

20     20.    The Directors maintain an audit program for the purpose of monitoring

21  and enforcing compliance with the Signatory Documents, including the obligation to

22  timely and accurately pay contributions to the Plans.

23     21.    At all times material herein, pursuant to the terms of the Signatory

24  Documents, Red Handle Productions has been under an affirmative duty to

25  cooperate with the audit process and to provide the Plans with information, such as

26  books and records pertaining to the Web Series during the period of time under

27  audit, so that they can determine whether Payroll Contributions, and other

28  contribution obligations, have been paid properly and in the correct amounts.

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

22.     On or about April 27, 2018, the Plans announced a payroll compliance review of Red Handle Productions ("Audit") for the period from July 16, 2017 through March 24, 2018 (the "Audit Period").

23.     After an initial partial response to the Audit, Red Handle Productions failed to respond to numerous requests from the Plans for additional records necessary to continue and complete the Audit.

24.     To date, Red Handle Productions has failed and/or refused to provide the Plans or their agents with the books and records they are entitled to review under the Signatory Documents.  Without these records, the Directors are unable to determine the total amount of Payroll Contributions owed to the Plans with respect to the Web Series during the Audit Period or whether Red Handle Productions has complied with its obligation to make appropriate Payroll Contributions to the Plans under the terms and conditions of the Plan Signatory Documents.

25.      By its execution of the Signatory Documents, Red Handle Productions agreed that in the event of a failure to make necessary records available for an audit, it would be liable for expenses associated with enforcement, including but not limited to reasonable audit fees, and attorneys' fees, in addition to unpaid contributions, liquidated damages, interest, and legal costs, whether or not the audit ultimately identified any delinquent or unpaid contributions.

26.     The Directors are informed and believe, and on that basis allege, that liquidated damages, interest, legal fees and audit costs are due, in addition to any unpaid or underpaid Payroll Contributions, in amounts to be established by proof at trial.

## SECOND CAUSE OF ACTION

**(Violation of ERISA § 515, 29 U.S.C. § 1145 – Unpaid Payroll Contributions)**

27.     The Directors incorporate by reference each allegation contained in Paragraphs 1 through 26 as though fully set forth herein.

28.     Pursuant to the Plan Signatory Documents, Red Handle Productions is

685200v5  11011-29004                6                Case No.: 2:20-CV-00501
COMPLAINT

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

1   responsible for complying with all terms and conditions of the Basic Agreement and

2   Trust Agreements, including but not limited to the payment of Payroll Contributions

3   based on the hours worked by covered employees performing covered services in

4   connection with production of the Web Series.

5        29.    The Directors are informed and believe, and thereon allege, Red

6   Handle Productions has not paid or underpaid Payroll Contributions due and owing

7   in connection with the Web Series.

8        30.    Pursuant to ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2), and the Plan

9   Signatory Documents, in the event of a delinquent payment, Red Handle

10   Productions agreed to be and is liable to the Directors for liquidated damages equal

11   to the greater of either 20% of the total amount of Payroll Contributions then due, or

12   interest on the amount then due at the annual rate of 12%, calculated from the date

13   when payment was due to the date when payment is made.  The Directors are

14   informed and believe that Red Handle Productions owes liquidated damages in an

15   amount to be established by proof at trial.

16        31.    Pursuant to ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2), and the Plan

17   Signatory Documents, in the event of a delinquent payment, Red Handle

18   Productions agreed to be and is liable to the Directors for interest at the annual rate

19   of 12% on all unpaid Payroll Contributions due in connection with the Web Series,

20   calculated from the date when payment was due to the date when payment is made.

21   The Directors are informed and believe that Red Handle Productions owes interest

22   in an amount to be established by proof at the trial.

23        32.    Pursuant to ERISA § 502(g)(2), 29 U.S.C. §1132(g)(2), and the Plan

24   Signatory Documents, Red Handle Productions agreed to be and is liable to the

25   Directors for attorneys' fees and legal costs incurred in connection with collection of

26   unpaid and/or underpaid Payroll Contributions.  The amount of such attorneys' fees

27   and legal costs will be established by proof at trial.

28        33.    Pursuant to the Signatory Documents, Red Handle Productions agreed

1  to be and is liable to the Plans for the costs of auditing Red Handle Productions in

2  connection with the delinquent and unpaid Payroll Contributions, and owes audit

3  costs in amounts to be established by proof at trial.

4      34.    At all times material herein, pursuant to the terms of the Basic

5  Agreement and Trust Agreements, Red Handle Productions was under an

6  affirmative duty to pay the Plans the correct amount of Payroll Contributions and to

7  provide the Plans and their agents with information so that they may determine

8  whether Payroll Contributions have been properly paid.  The Directors are informed

9  and believe, and on that basis allege, Red Handle Productions failed to accurately

10  report this information and to pay the proper Payroll Contributions as to the Web

11  Series.

## THIRD CAUSE OF ACTION

### (Violation of LMRA § 301(a), 29 U.S.C. § 185 – Breach of Collective Bargaining Agreement)

15      35.    The Directors incorporate by reference each allegation contained in

16  Paragraphs 1 through 34 as though fully set forth herein.

17      36.    Red Handle Productions breached the Basic Agreement by failing to

18  allow an audit of its books and records to be completed, as required under the terms

19  and conditions set forth therein.

20      37.    Red Handle Productions breached the Basic Agreement by failing to

21  pay or by making insufficient payments of Payroll Contributions with respect to the

22  Web Series, as required under the terms and conditions set forth therein.

23      38.    As a result of Red Handle Productions' breach of the Basic Agreement,

24  the Directors have suffered damages in an amount to be established by proof at trial,

25  including but not limited to unpaid and/or underpaid Payroll Contributions,

26  liquidated damages, interest, attorneys' fees, legal costs, and audit costs.

## PRAYER FOR RELIEF

28      WHEREFORE, the Directors pray for judgment against Defendants Red

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260

Handle Productions and Does 1-10 as follows:

      1.     For an order directing Red Handle Productions to provide the Plans and their agents with all books and records necessary to complete the Audit;

      2.     for unpaid Payroll Contributions in an amount to be established by proof at trial;

      3.     for audit costs in an amount to be established by proof at trial;

      4.     for liquidated damages in an amount to be established by proof at trial;

      5.     for interest in an amount to be established by proof at trial;

      6.     for reasonable attorney's fees and other costs of this action incurred by the Directors, in amounts to be established by proof at trial; and

      7.     for such additional relief as this Court deems just and proper.

DATED:  January  17, 2020        PETER S. DICKINSON
KIRK M. PRESTEGARD
ESTEPHANIE VILLALPANDO
BUSH GOTTLIEB, A Law Corporation

By: _____
     ESTEPHANIE VILLALPANDO
Attorneys for Motion Picture Industry Pension
and Health Plans

BUSH GOTTLIEB
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260